## Case No. 6,594.

### HOLBROOK v. SMALL.

[Cited in Star Salt Caster Co. v. Crossman, Case No. 13,320. Nowhere reported; opinion not now accessible.]

———

## Case No. 6,595.

### HOLBROOK et al. v. SMALL.
### SAME v. MATTHEWS.

[2 Ban. & A. 396; 10 O. G. 508; Merw. Pat. Inv. 521.] [1]

Circuit Court, D. Massachusetts. Sept. 1, 1876.

CHANGE OF MATERIAL FROM WOOD TO IRON — WHETHER PATENTABLE—INFRINGEMENT.

1. A claim of the complainants' patent was for "a frame made of malleable iron or other metal, in combination with the handles and seed-box." The defendants proved that similar frames were before made of wood: Held, that

[1] [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission. Merw. Pat. Inv. 521, contains only a partial report.]

[1] [Reported by William W. Story, Esq.]

the alleged invention described in the claim was not patentable.

2. Where the defendants make and use a machine, which operates, or may operate, if the owner is disposed to use it so, in the manner pointed out by the patent, it is infringement.

[These bills were brought by Frederic Holbrook, trustee, and others, against Josiah B. Small and Elbridge G. Matthews, to restrain infringement of certain patents.]

John Hillis, for complainants.
T. L. Livermore, for defendants.

Before CLIFFORD, Circuit Justice, and LOWELL, District Judge.

LOWELL, District Judge. Elbridge G. Matthews, the defendant in one of these suits, is the patentee of the improvements in controversy, for which he took out two patents, which are now the property of the plaintiffs. The defendants in the other suit are the manufacturers who employ him. The machines which the defendants make and sell are intended to rival and supersede those of the plaintiffs and to avoid their patent, and the only question is whether it has been successfully avoided. Both patents relate to machines for sowing seed, and are admitted to be valid. Infringement only is denied.

The patent of April 13, 1869, No. 88,971, has three claims in controversy, which, without following the exact words of what are technically called the claims, are these: (1) A frame made of malleable iron or other metal, in combination with the handles and seed-box. (5) The use, in the combination, of a white or light-colored lining for the inner surface of an open seed-tube or conductor, to enable the workman to distinguish readily the operation of the machine in sowing seeds. (7) The arrangement of the dial-plate and dial in the device for holding the latter in place, substantially as described, whereby the dial can be adjusted without tipping or turning over the machine.

In the patent of June 8, 1869 [No. 91,144], two claims are in controversy: (1) The combination, with the marker, J. and arms, I, I, of the pins, e and f, for the purposes set forth, which are to retain the markers in an elevated position when not in use for marking the place for the furrow. (4) A seed dial-plate constructed as described in the patent.

Much evidence has been introduced upon the state of the art before 1869, and we think the defendants have proved that the first claim of the first patent is merely for making in iron a frame which had before been made in wood; and, therefore, as matter of law, that this as a distinct claim cannot be supported, and that the infringement of that claim by itself is no sufficient ground of action. Upon the fifth claim the question is one of fact, whether the defendants use an open conductor with a white or light-colored

lining. The evidence is conflicting, though it turns on the very simple inquiry whether the sower, in using the defendants' machines, can see the seed fall; in other words, whether their conductor is an open conductor in the sense of the patent, or is closed from the view of the operator by a gauge, which is introduced for another purpose. We find the preponderance of the evidence to be, that the defendants do make and use such an open conductor, which operates, or may operate if the farmer is disposed to use it so, in the manner pointed out by the patent.

We think the seventh claim of the first patent is infringed. This is a point of construction of language and intent in the description, which, though not very clear, is, on the whole, sufficient to indicate that the figures should be on the upper side of the dial, so that they can be read and adjusted without turning or tipping the machine over.

The fourth claim of the second patent appears to us to be infringed. It is for a dial which has some advantages over the earlier forms, and these are adopted by the defendants with a change which is only formal.

The connection of the marking arms with the pins is somewhat improved in the defendants' machine, but for the purposes of this combination we regard it as substantially similar.

Decree for complainants for an injunction and an account.